1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
2

3      - - - - - - - - - - - - - - - - - - x

4      UNITED STATES OF AMERICA,                :

5           Plaintiff,                          :     Criminal Action No.
                                                      1:15-CR-10381-LTS-1
6           v.                                  :

7      FURVIO FLETE-GARCIA,                      :
            a/k/a "FUBIO,"
8           a/k/a "ISRAEL PAGAN TORRES,"         :

9           Defendant.                           :

10     - - - - - - - - - - - - - - - - - - x

11


12       BEFORE THE HONORABLE LEO T. SOROKIN, DISTRICT JUDGE

13

                            RULE 11 HEARING
14

15

                        Wednesday, July 13, 2017
16                           11:47 a.m.

17


18          John J. Moakley United States Courthouse
                        Courtroom No. 13
19                      One Courthouse Way
                       Boston, Massachusetts
20

21

                         Rachel M. Lopez, CRR
22                      Official Court Reporter
                   One Courthouse Way, Suite 5209
23                   Boston, Massachusetts  02210
                          raeufp@gmail.com
24

25

1                       **A P P E A R A N C E S**

2

    On behalf of the Plaintiff:

3

        UNITED STATES DEPARTMENT OF JUSTICE
4       BY:  COREY SMITH
        950 Pennsylvania Avenue
5       Washington, D.C.  20530
        (202) 514-5230
6       corey.smith@usdoj.gov

7

        UNITED STATES DEPARTMENT OF JUSTICE
8       BY:  SEAN GREEN
        601 D Street
9       Washington, D.C.  20001
        (202) 307-2554
10      sean.m.green@usdoj.gov

11

12  On behalf of the Defendant:

13      LAW OFFICES OF RAYMOND E. GILLESPIE, ESQ.
        BY:  RAYMOND E. GILLESPIE
14      875 Massachusetts Avenue
        Suite 32
15      Cambridge, Massachusetts  02139
        (617) 661-3222
16      rgillespie1@prodigy.net

17

18

19

20

21

22

23

24

25

**P R O C E E D I N G S**

11:47:34    (In open court.)

11:47:34    MR. GILLESPIE:  Your Honor, can we approach about a
11:47:36    different matter, very important matter?

11:47:38    THE COURT:  Sure.

11:47:58    (The following discussion held at the bench.)

11:47:59    THE COURT:  Okay.  What else?

11:48:02    MR. GILLESPIE:  He wants to plead guilty.  All
11:48:05    right?  The only thing I can say is -- so Mr. Smith and I,
11:48:10    over the last few days, were talking about possibilities
11:48:13    about agreeing, et cetera, et cetera.  We couldn't agree.  He
11:48:17    did give me his recommendation, all right.  I relayed that to
11:48:21    my client.  I also relayed to him my opinion about what might
11:48:24    happen if he just went straight up and took his chances with
11:48:30    you, basically.

11:48:31    THE COURT:  Uh-huh.

11:48:32    MR. GILLESPIE:  All right.  And he's thought about
11:48:35    it.  He's consulted with Kenya, his fiancé/girlfriend, who
11:48:41    influences him a lot.  I want that on the record.  And he has
11:48:47    just told me that now that that's what he wants to do.

11:48:51    However, I think it would be very important for you
11:48:56    to -- I don't know when you want to do it, if you want to do
11:48:59    it now or later or what, to make sure that, in fact, that is
11:49:04    true.

11:49:04    THE COURT:  Which is true?

| | | |
|---|---|---|
| 11:49:06 | 1 | MR. GILLESPIE:  That he wants to do it, and he's |
| 11:49:08 | 2 | doing it willingly. |
| 11:49:09 | 3 | THE COURT:  Is this pursuant to any sort of an |
| 11:49:11 | 4 | agreement or no? |
| 11:49:12 | 5 | MR. GILLESPIE:  No. |
| 11:49:13 | 6 | MR. SMITH:  No. |
| 11:49:14 | 7 | THE COURT:  This is open.  All right.  So why can't |
| 11:49:17 | 8 | I just ask him in open court right now?  Is there somebody |
| 11:49:20 | 9 | here -- |
| 11:49:21 | 10 | MR. GILLESPIE:  Sure. |
| 11:49:22 | 11 | THE COURT:  So this is what I would intend to do, |
| 11:49:25 | 12 | how I would intend to proceed.  I'll ask him.  If he says he |
| 11:49:30 | 13 | wants to plead guilty, then what I'm going to do is bring the |
| 11:49:32 | 14 | jury back in for a moment, tell them that something has come |
| 11:49:36 | 15 | up that I need to address, I ask the indulgence of their |
| 11:49:39 | 16 | patience.  I'll send them back out, thank them for their |
| 11:49:42 | 17 | time.  I'll explain to them that, in any event, we're moving |
| 11:49:45 | 18 | along swiftly, and in any case I'm confident that they'll |
| 11:49:48 | 19 | receive the case no later than Monday.  Even if all this |
| 11:49:53 | 20 | doesn't work out and we burn through the day, they'll get the |
| 11:49:53 | 21 | case on Monday no matter what. |
| 11:49:53 | 22 | MR. GILLESPIE:  Sure. |
| 11:49:55 | 23 | THE COURT:  So go back, tell them to be patient. |
| 11:49:58 | 24 | And then I'll do a plea colloquy.  If he wants to |
| 11:50:01 | 25 | plea, he can plea.  And I'll go through the whole colloquy. |

| | | |
|---|---|---|
| 11:50:05 | 1 | I'll ask him one or two now, to be sure it's worth spending |
| 11:50:09 | 2 | the time. |
| 11:50:09 | 3 | MR. GILLESPIE:  Sure. |
| 11:50:10 | 4 | THE COURT:  Do you have any other suggestions? |
| 11:50:13 | 5 | MR GILLESPIE:  No.  I think that's a good idea. |
| 11:50:13 | 6 | MR. SMITH:  No.  The only -- in terms of an |
| 11:50:15 | 7 | agreement, in terms of anything that we've discussed that the |
| 11:50:17 | 8 | Court should be aware of, he has been in jail for 25 months, |
| 11:50:22 | 9 | it's on a different offense. |
| 11:50:23 | 10 | THE COURT:  Right.  24 of the 25. |
| 11:50:24 | 11 | MR. SMITH:  Yeah.  We had the detention hearing. |
| 11:50:26 | 12 | THE COURT:  Yes, I remember that. |
| 11:50:28 | 13 | MR. SMITH:  We've informed Mr. Gillespie that we |
| 11:50:30 | 14 | would not impose -- oppose -- |
| 11:50:33 | 15 | THE COURT:  Oppose. |
| 11:50:35 | 16 | MR. SMITH:  We would not oppose, yes.  We would not |
| 11:50:36 | 17 | oppose giving credit for the time he -- but we do have the |
| 11:50:38 | 18 | mandatory minimum aggravated identity theft that we still |
| 11:50:42 | 19 | have to tack on at the end.  So that's the only discussions |
| 11:50:45 | 20 | that we've had, and we've reached agreement. |
| 11:50:48 | 21 | THE COURT:  You're going to make that |
| 11:50:49 | 22 | recommendation. |
| 11:50:49 | 23 | MR. SMITH:  That's right.  Between us. |
| 11:50:51 | 24 | THE COURT:  Fine. |
| 11:50:52 | 25 | MR. SMITH:  Of course the Court has the final call. |

11:50:54  1          THE COURT:  Okay.

11:51:02  2          (Bench conference concluded.)

11:51:03  3          THE COURT:  So Mr. Flete-Garcia, what Mr. Gillespie

11:51:05  4    says that you would like to do is you want to plead guilty to

11:51:08  5    the charges against -- that have been set forth against you

11:51:12  6    in the superseding indictment; is that correct?

11:51:18  7          THE DEFENDANT:  Yes.

11:51:19  8          THE COURT:  You understand if I -- has anybody

11:51:22  9    threatened or pressured you to get you to plead guilty?

11:51:28 10          THE DEFENDANT:  No.  I started thinking about my

11:51:30 11    family.

11:51:33 12          THE COURT:  Okay.  My understanding is that there's

11:51:35 13    no -- that there's no agreement between you and the

11:51:38 14    Government, except in one small piece; that the Government

11:51:44 15    has represented, not in a formal written agreement, but that

11:51:48 16    they've represented just now to me at sidebar, that if you

11:51:51 17    plead guilty, they will not oppose you receiving credit for

11:52:00 18    the time that you've been in custody since your arrest --

11:52:04 19          Was it by Agent Costello?  For the last 25 months.

11:52:08 20          MR. SMITH:  That's right.

11:52:08 21          THE COURT:  That won't oppose that.  But other than

11:52:11 22    that, there's no agreement between you and the Government.

11:52:13 23          Do you understand that?

11:52:19 24          THE DEFENDANT:  Yes.

11:52:30 25          THE COURT:  All right.  And you want to plead

11:52:31  1    guilty?

11:52:42  2                    (Counsel confers with Defendant.)

11:52:43  3              MR. GILLESPIE:  I think if you could explain that

11:52:45  4    part to him again.

11:52:46  5              THE COURT:  Yes.

11:52:47  6              MR. GILLESPIE:  Because he understands that he's

11:52:49  7    already --

11:52:50  8              THE COURT:  So let me explain.  If you plead

11:52:52  9    guilty, the decision about how much time you spend in jail is

11:53:00 10    for me, not for Mr. Smith and Mr. Green.  And the way I will

11:53:05 11    make that decision, I'll explain to you this more, if you

11:53:09 12    want to plead guilty.  But the way I will make that decision

11:53:14 13    is the probation office will prepare a presentence report.

11:53:17 14    It will contain their analysis of the federal sentencing

11:53:25 15    guidelines for all of the charges that you're pleading guilty

11:53:27 16    to, which is everything in the indictment -- the superseding

11:53:31 17    indictment, rather.

11:53:32 18              And then I'll hear from your lawyer, you, the

11:53:34 19    Government's lawyers, and I'll decide how the sentencing

11:53:40 20    guidelines apply in your case.  I have to consider how the

11:53:43 21    sentencing guidelines apply, but I don't have to follow them.

11:53:46 22    The only thing that I'm -- the only -- there are -- the

11:53:50 23    following general limitations on my authority:  I must give

11:53:54 24    you the mandatory sentence of --

11:53:56 25              What is it, Mr. Smith?

| | | |
|---|---|---|
| 11:53:58 | 1 | MR. SMITH:  Aggravated identity theft. |
| 11:54:02 | 2 | THE COURT:  How long? |
| 11:54:02 | 3 | MR. SMITH:  Two years. |
| 11:54:03 | 4 | THE COURT:  Two years.  I must give you, at a |
| 11:54:04 | 5 | minimum, the two years on an after the time you've already |
| 11:54:08 | 6 | served.  And I cannot give you more time than the statutory |
| 11:54:13 | 7 | maximum for all of the charges that you're pleading guilty |
| 11:54:17 | 8 | to.  And whatever I do has to be reasonable. |
| 11:54:24 | 9 | But I wouldn't be making the decision about how |
| 11:54:26 | 10 | much jail time today.  I'd be making it 12 weeks from now, |
| 11:54:31 | 11 | three months from now, after I got the report from the |
| 11:54:34 | 12 | probation office and I heard from all of you. |
| 11:54:36 | 13 | Do you understand that? |
| 11:54:38 | 14 | THE DEFENDANT:  Yes. |
| 11:54:39 | 15 | THE COURT:  And if it turned out that I gave you a |
| 11:54:43 | 16 | sentence that was longer than you expected, longer than |
| 11:54:48 | 17 | you -- Mr. Gillespie, told you he thought I might give you, |
| 11:54:52 | 18 | or was more time than you thought was fair, that's not a |
| 11:54:55 | 19 | reason that lets you withdraw your plea of guilty. |
| 11:54:58 | 20 | Do you understand that? |
| 11:54:59 | 21 | THE DEFENDANT:  Yes. |
| 11:55:00 | 22 | THE COURT:  Okay.  Maria, go get the jury. |
| 11:55:05 | 23 | This is what I'm going to do. |
| 11:55:06 | 24 | You don't have to go get the witness. |
| 11:55:08 | 25 | Go get the jury. |

11:55:10  1          I'm going to bring the jury in.  I'm not going to
11:55:13  2  tell the jury that you're intending to plead.  I'm going to
11:55:18  3  tell the jury that something has come up, we have to take up
11:55:22  4  a number of issues to resolve; that the good news for them is
11:55:25  5  that I'm able to make the case go much faster, because of all
11:55:30  6  the issues that we've been working out, we're making the case
11:55:33  7  go more quickly than I told them at the beginning.
11:55:35  8          I'm going to tell them that they'll receive -- the
11:55:39  9  trial will conclude no later than Monday, and possibly
11:55:42 10  tomorrow.  And I will tell them, before they leave today, how
11:55:48 11  long it will last.  And then I'm going to send them back out,
11:55:51 12  and then we'll do the plea.  And if he pleads and I accept
11:56:00 13  the plea, I'll bring them in, tell them, and discharge them.
11:56:14 14          Is your likely position that he gets the two
11:56:16 15  points, but not the third?  I'm not committing you, I'm just
11:56:20 16  trying to understand.
11:56:21 17          MR. SMITH:  We're definitely not going to agree to
11:56:25 18  the third.  We'll have to consider the two.
11:56:26 19          THE COURT:  Fine.  But there's no agreement about
11:56:28 20  that.
11:56:29 21          MR. SMITH:  No.  That's Your Honor's discretion.
11:56:42 22          THE COURT:  So depending on what happens, obviously
11:56:44 23  that affects the 2:45.
11:57:26 24          (The jury enters the courtroom.)
11:57:26 25          THE COURT:  So ladies and gentlemen of the jury,

| | |
|---|---|
| 11:57:27 | 1 |
| 11:57:31 | 2 |
| 11:57:34 | 3 |
| 11:57:37 | 4 |
| 11:57:39 | 5 |
| 11:57:43 | 6 |
| 11:57:48 | 7 |
| 11:57:51 | 8 |
| 11:57:55 | 9 |
| 11:57:58 | 10 |

let me give you an update on where things are and why this
break was so much longer than all the other breaks, because
no doubt you must be wondering.  So this break was so much
longer than the other breaks because I've been discussing
with counsel one or two evidentiary issues that have come up,
and I wanted to do that without you -- instead of having you
sit out here, I thought you would prefer -- and also I've
been going over with them the schedule and whether we can't
streamline the case, and how long it will take.  So that's
what we've been doing in this longer break.

So first of all, I wanted to give you -- update you
on the result of that.  The good news is that the case is not
going to take until next Wednesday.  You're going to receive
it much before then.  You're going to receive this case for
your deliberations either tomorrow or Monday.  All right.
And I will tell you at the end of the day today.  I'll give
you an update, so that you know whether tomorrow to
anticipate all day or not.  All right?  So that's all the
good news.  It absolutely won't go past Monday, and it's
quite possible it will be much quicker than that.

However, now there's one more matter I need to
attend to with counsel before we proceed with the testimony,
that will take me a few minutes.  So what I'm going to do is
ask you to return to the jury room and wait, and -- although
I don't ordinarily like to make you sit in the jury room

| | |
|---|---|
| 11:58:55 | 1 |
| 11:58:58 | 2 |
| 11:59:01 | 3 |
| 11:59:05 | 4 |
| 11:59:10 | 5 |
| 11:59:17 | 6 |
| 11:59:20 | 7 |
| 11:59:24 | 8 |
| 11:59:28 | 9 |
| 11:59:29 | 10 |
| 11:59:32 | 11 |
| 12:00:01 | 12 |
| 12:00:07 | 13 |
| 12:00:12 | 14 |
| 12:00:14 | 15 |
| 12:00:17 | 16 |
| 12:00:20 | 17 |
| 12:00:22 | 18 |
| 12:00:23 | 19 |
| 12:00:24 | 20 |
| 12:00:28 | 21 |
| 12:00:31 | 22 |
| 12:00:35 | 23 |
| 12:00:39 | 24 |
| 12:00:44 | 25 |

between 9:00 and 1:00, other than in your 20-minute break,
when there isn't -- you're not deliberating and you can talk
to each other, but we're not using your time for why we
summoned you here; we are using this time to efficiently move
the case forward.  And so if, in the long run, this -- having
spent the long break and spending more time is helping me
make the case be more concise and streamlined and focused
presentation for you.  So I ask your indulgence and your
patients.

All rise for the jury.

(The jury exits the courtroom.)

THE COURT:  Please be seated.  All right.  So
Mr. Flete-Garcia, you understand you have a right, under the
United States Constitution, to remain silent.  However, in
order for you to plead guilty, I must ask you certain
questions, which means by answering my questions, you're
giving up a little bit of your right to remain silent.

Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  If at any point when I'm asking you
questions, you wish to talk to your lawyer, Mr. Gillespie,
you may do so.  You may talk to him before you answer my
question, while you're answering my question; you can stop,
pause, talk to him.  And you can also -- or also speak with
him after you've answered my question.

| | | |
|---|---|---|
| 12:00:46 | 1 | Do you understand that? |
| 12:00:47 | 2 | THE DEFENDANT:  Yes. |
| 12:00:48 | 3 | THE COURT:  Ms. Simeone -- |
| 12:00:50 | 4 | Stand up, Mr. Flete-Garcia, Ms. Simeone will |
| 12:00:53 | 5 | administer the oath. |
| 12:00:58 | 6 | (The defendant was duly sworn.) |
| 12:01:03 | 7 | THE COURT:  What is your full name? |
| 12:01:04 | 8 | THE DEFENDANT:  Fulvio Flete-Garcia. |
| 12:01:08 | 9 | THE COURT:  Do you understand you're now under oath |
| 12:01:11 | 10 | and that if you answer any of my questions falsely, your |
| 12:01:13 | 11 | answers may later be used against you in another prosecution |
| 12:01:16 | 12 | for perjury or making a false statement? |
| 12:01:19 | 13 | THE DEFENDANT:  Yeah. |
| 12:01:19 | 14 | THE COURT:  How old are you? |
| 12:01:34 | 15 | (Counsel and defendant confer.) |
| 12:01:35 | 16 | MR. GILLESPIE:  1972. |
| 12:01:37 | 17 | THE COURT:  You were born in 1972, |
| 12:01:40 | 18 | Mr. Flete-Garcia? |
| 12:01:40 | 19 | THE DEFENDANT:  Uh-huh. |
| 12:01:44 | 20 | THE COURT:  So approximately 45; is that right? |
| 12:01:52 | 21 | THE DEFENDANT:  Yeah. |
| 12:01:53 | 22 | THE COURT:  How far did you go in school? |
| 12:01:56 | 23 | THE DEFENDANT:  I went into my third year in high |
| 12:01:59 | 24 | school. |
| 12:02:00 | 25 | THE COURT:  All right.  That was in -- are you a |

12:02:03  1    citizen of the United States?

12:02:05  2            THE DEFENDANT:  No.

12:02:05  3            THE COURT:  Of what country are you a citizen?

12:02:08  4            THE DEFENDANT:  Dominican.

12:02:10  5            THE COURT:  Did you go to your third year of high

12:02:13  6    school in the Dominican Republic or here?

12:02:17  7            THE DEFENDANT:  Dominican Republic.

12:02:18  8            THE COURT:  Dominican Republic.

12:02:19  9            Have you been treated for or diagnosed with any

12:02:21  10   mental illness or psychiatric or psychological problem?

12:02:24  11           THE DEFENDANT:  No.

12:02:24  12           THE COURT:  Have you been treated for or diagnosed

12:02:27  13   with any drug addiction or drug problem or alcohol problem of

12:02:30  14   any kind?

12:02:31  15           THE DEFENDANT:  No.

12:02:31  16           THE COURT:  As you stand here today, are you under

12:02:33  17   the influence of any medication or drug or alcoholic beverage

12:02:37  18   of any kind?

12:02:38  19           THE DEFENDANT:  No.

12:02:38  20           THE COURT:  Have you received a copy of the

12:02:40  21   superseding indictment pending against you, that is the

12:02:44  22   written charges made against you in this case?

12:02:47  23           THE DEFENDANT:  Yes.

12:02:48  24           THE COURT:  Have you fully discussed the charges

12:02:50  25   against you and the facts and circumstances of your case with

| | | |
|---|---|---|
| 12:02:53 | 1 | your -- Mr. Gillespie as your lawyer? |
| 12:02:56 | 2 | THE DEFENDANT:  Yes. |
| 12:02:57 | 3 | THE COURT:  Are you fully satisfied with the |
| 12:02:59 | 4 | counsel, representation, and advice given to you in this case |
| 12:03:02 | 5 | by your lawyer, Mr. Gillespie? |
| 12:03:05 | 6 | THE DEFENDANT:  Yes. |
| 12:03:06 | 7 | THE COURT:  Do you understand that you do not have |
| 12:03:10 | 8 | any kind of plea agreement with the United States Government? |
| 12:03:18 | 9 | THE DEFENDANT:  Yes. |
| 12:03:20 | 10 | THE COURT:  Except one thing, the United States |
| 12:03:22 | 11 | Government has agreed to recommend to me that the sentence |
| 12:03:27 | 12 | that you receive for pleading guilty here today be run |
| 12:03:32 | 13 | concurrent -- I'm sorry, that you receive credit for the time |
| 12:03:36 | 14 | that you've been in custody these past 25 months, even -- but |
| 12:03:42 | 15 | also that the mandatory minimum will -- that won't apply to |
| 12:03:47 | 16 | the mandatory minimum. |
| 12:03:50 | 17 | You understand that? |
| 12:03:51 | 18 | THE DEFENDANT:  Yes. |
| 12:03:52 | 19 | THE COURT:  Other than that, has anyone made any |
| 12:03:54 | 20 | promise or assurance -- |
| 12:03:58 | 21 | THE DEFENDANT:  One question. |
| 12:04:00 | 22 | (Counsel and defendant confer.) |
| 12:04:02 | 23 | MR. GILLESPIE:  How long minimum mandatory? |
| 12:04:04 | 24 | MR. SMITH:  Two years.  Two years, Your Honor, on |
| 12:04:08 | 25 | the 1028 charges. |

12:04:09  1          THE COURT:  And do those get stacked, in your view?

12:04:12  2          MR. SMITH:  Our recommendation or what the Court

12:04:14  3  can do?

12:04:15  4          THE COURT:  Well, your recommendation.  What is

12:04:17  5  your view?  As a matter of law do they get stacked?

12:04:19  6          MR. SMITH:  No.  As a matter of law, they all can

12:04:22  7  run concurrent.

12:04:23  8          THE COURT:  So it's a mandatory minimum of two

12:04:25  9  years.

12:04:26  10          THE DEFENDANT:  (Nods head.)

12:04:27  11          THE COURT:  All right.  Has anyone made any promise

12:04:28  12  or assurance to you of any kind in an effort to get you to

12:04:31  13  plead guilty, other than the one promise that I described?

12:04:35  14          THE DEFENDANT:  No.

12:04:36  15          THE COURT:  Has anyone attempted in any way to

12:04:38  16  force you to plead guilty?

12:04:43  17          THE DEFENDANT:  No.

12:04:44  18          THE COURT:  Are you pleading guilty of your own

12:04:47  19  free will, because you are, in fact, guilty?

12:04:49  20          THE DEFENDANT:  Yes.

12:04:51  21          THE COURT:  Do you understand that the agreement

12:04:57  22  that the Government has made about how to give credit for the

12:05:00  23  time, that's just an agreement between you and the

12:05:02  24  Government, and it doesn't control me?

12:05:05  25          THE DEFENDANT:  Yes.

12:05:06  1          THE COURT:  And I don't have to follow that

12:05:08  2   recommendation.  And if I don't follow that recommendation,

12:05:11  3   my decision not to follow that recommendation is not a basis

12:05:15  4   for you to withdraw your plea of guilty.

12:05:18  5          THE DEFENDANT:  Yes.

12:05:20  6          THE COURT:  Do you understand the offenses to which

12:05:23  7   you are pleading guilty are felonies?

12:05:26  8          THE DEFENDANT:  Yes.

12:05:28  9          THE COURT:  Do you understand, if I accept your

12:05:29 10   plea, you'll be judged guilty of those offenses?

12:05:33 11          THE DEFENDANT:  Yes.

12:05:34 12          THE COURT:  Do you understand that by being judged

12:05:36 13   guilty, you may suffer immigration consequences, including

12:05:39 14   the possibility that you may be deported or removed from the

12:05:42 15   United States?

12:05:42 16          THE DEFENDANT:  Yes.

12:05:44 17          THE COURT:  Have you discussed with your lawyer the

12:05:46 18   fact that you may be deported or removed from the United

12:05:48 19   States?

12:05:48 20          THE DEFENDANT:  Yes.

12:05:51 21          THE COURT:  Mr. Smith or Mr. Green, either one of

12:05:57 22   you, would you state, count by count or groups of count by

12:06:01 23   counts, the maximum penalty provided by law and any

12:06:05 24   applicable mandatory minimum.

12:06:08 25          MR. SMITH:  Sure, Your Honor.  Count 1, charging a

12:06:11  1    violation of Title 18, 371, the statutory maximum is five

12:06:16  2    years and three years supervised release and $100 mandatory

12:06:25  3    assessment.

12:06:25  4            THE COURT:  $250,000 fine.

12:06:29  5            MR. SMITH:  And/or a $250,000 fine, that's correct.

12:06:31  6            Counts 2 and 3, charging violation of Title 18,

12:06:34  7    Section 1029, access device fraud, maximum penalty is ten

12:06:37  8    years, three years of supervised release, a mandatory

12:06:39  9    assessment of $100 and/or $250,000 fine on each count.

12:06:45 10            Counts 4 through 20 charge violations of Title 18,

12:06:49 11    United States Code, 641, conversion of Government property,

12:06:52 12    maximum penalty of ten years.

12:06:54 13            THE COURT:  What you're about to recite is for each

12:06:56 14    of those counts, 4 through 20.

12:07:01 15            MR. SMITH:  Yes, 4 through 20, 17 counts, charging

12:07:05 16    a violation of 641, maximum penalty for each count is ten

12:07:08 17    years, three-years supervised release, $100 mandatory

12:07:13 18    assessment for each count, and maximum fine of $250,000.

12:07:17 19            Counts 21 through 37 charge violations of Title 18,

12:07:24 20    United States Code, 1028A, aggravated identity theft.  For

12:07:30 21    these violations, there's a mandatory two-years assessment

12:07:33 22    tacked on to the end of -- cannot run concurrent.

12:07:36 23            THE COURT:  Two-year mandatory minimum that must be

12:07:39 24    consecutive to any other sentence imposed in this case.

12:07:43 25            MR. SMITH:  That's correct, Your Honor.

| | | |
|---|---|---|
| 12:07:43 | 1 | THE COURT:  Plus -- what's the statutory maximum? |
| 12:07:46 | 2 | MR. SMITH:  There's just a two-year mandatory |
| 12:07:48 | 3 | minimum. |
| 12:07:48 | 4 | THE COURT:  Right. |
| 12:07:49 | 5 | MR. SMITH:  And three-year supervised release, |
| 12:07:52 | 6 | $250,000 fine, $100 mandatory assessment. |
| 12:07:58 | 7 | Counts 38 through 48 charge violations of money |
| 12:08:03 | 8 | laundering under Title 18, 1946.  Maximum penalty for each |
| 12:08:08 | 9 | count is, I believe, 15 years, maximum fine $250,000 and/or |
| 12:08:16 | 10 | twice the amount of the loss, three-years supervised release, |
| 12:08:20 | 11 | $100 mandatory assessment. |
| 12:08:24 | 12 | THE COURT:  And then the criminal forfeiture. |
| 12:08:26 | 13 | MR. SMITH:  And then there's the criminal |
| 12:08:30 | 14 | forfeiture -- |
| 12:08:30 | 15 | I stand corrected.  The money laundering maximum is |
| 12:08:35 | 16 | 20 years. |
| 12:08:35 | 17 | THE COURT:  So it's 20 years on each of the |
| 12:08:38 | 18 | Counts 38 to 48. |
| 12:08:40 | 19 | MR. SMITH:  That's correct, Your Honor.  And then |
| 12:08:43 | 20 | we have two notices of forfeiture.  The first one -- |
| 12:08:47 | 21 | THE COURT:  We'll come to that later. |
| 12:08:49 | 22 | MR. SMITH:  All right.  Sure. |
| 12:08:50 | 23 | THE COURT:  Did you hear that, Mr. Flete-Garcia? |
| 12:08:53 | 24 | THE DEFENDANT:  Yes. |
| 12:08:54 | 25 | THE COURT:  So you understand that what he just |

| | | |
|---|---|---|
| 12:08:56 | 1 | recited was the maximum possible punishments on each count? |
| 12:09:01 | 2 | And if you plead guilty, you're exposed to all of that? |
| 12:09:09 | 3 | (Counsel and defendant confer.) |
| 12:10:26 | 4 | MR. GILLESPIE:  All right, Your Honor. |
| 12:10:27 | 5 | THE COURT:  You understand that? |
| 12:10:29 | 6 | THE DEFENDANT:  Yes. |
| 12:10:31 | 7 | THE COURT:  All right.  So you understand I'll have |
| 12:10:34 | 8 | the power to give you a term of imprisonment of up to the sum |
| 12:10:38 | 9 | of all of those years of imprisonment for each count that |
| 12:10:43 | 10 | Mr. Smith recited? |
| 12:10:46 | 11 | THE DEFENDANT:  Yes. |
| 12:10:48 | 12 | THE COURT:  And that I will be required to impose |
| 12:10:50 | 13 | at least two years on an after what you've already done.  In |
| 12:10:59 | 14 | other words, I'll be required, at a minimum, to impose at |
| 12:11:03 | 15 | least two years in prison, beyond the time that you've |
| 12:11:07 | 16 | already spent in prison. |
| 12:11:09 | 17 | THE DEFENDANT:  Yes. |
| 12:11:14 | 18 | THE COURT:  There's no safety valve for that |
| 12:11:19 | 19 | mandatory minimum, right? |
| 12:11:20 | 20 | MR. GILLESPIE:  I'm sorry, Your Honor? |
| 12:11:22 | 21 | THE COURT:  There's no safety valve theoretical |
| 12:11:25 | 22 | guideline out for that mandatory minimum? |
| 12:11:28 | 23 | MR. GILLESPIE:  No. |
| 12:11:28 | 24 | MR. SMITH:  No, Your Honor, there isn't. |
| 12:11:29 | 25 | THE COURT:  Do you understand that in addition to a |

12:11:32  1    prison term, I'll have the power to give you a term of

12:11:35  2    supervised release of up to three years?

12:11:36  3               THE DEFENDANT:  Yes.

12:11:37  4               THE COURT:  And do you understand, if you violate

12:11:38  5    the conditions of your supervised release, you can be given

12:11:42  6    additional time in prison then?

12:11:43  7               THE DEFENDANT:  Yes.

12:11:44  8               THE COURT:  Do you understand I'll have the power

12:11:47  9    to fine you on each of the 48 counts, at least up to

12:11:54 10    $250,000?  And on Counts 38 to 48, either $250,000 or twice

12:12:01 11    the loss or gain, whichever is greater?

12:12:12 12               MR. GILLESPIE:  Could you please repeat that, Your

12:12:14 13    Honor?

12:12:15 14               THE COURT:  Yes.

12:12:16 15               Do you understand that you're pleading guilty to 48

12:12:18 16    counts, and on each count, I have the authority to impose a

12:12:22 17    fine of up to $250,000.

12:12:27 18               THE DEFENDANT:  Yes.

12:12:28 19               THE COURT:  And that on Counts 38 to 48, instead of

12:12:32 20    $250,000, I could impose a fine that's twice the gain or

12:12:36 21    loss, if it's greater than $250,000?

12:12:41 22               THE DEFENDANT:  Yes.

12:12:43 23               THE COURT:  Do you understand by pleading guilty,

12:12:45 24    there are forfeiture consequences, and you may be required to

12:12:48 25    forfeit certain property to the United States, including

| | | |
|---|---|---|
| 12:12:50 | 1 | those items set forth in the indictment under the criminal |
| 12:12:54 | 2 | forfeiture allegations? |
| 12:12:58 | 3 | THE DEFENDANT:  No.  Because I don't have any |
| 12:13:00 | 4 | assets. |
| 12:13:02 | 5 | THE COURT:  Well, the Government can seek a -- |
| 12:13:10 | 6 | MR. GILLESPIE:  Could I have a second, Your Honor? |
| 12:13:13 | 7 | THE COURT:  Yes. |
| 12:13:14 | 8 | (Counsel and defendant confer.) |
| 12:13:40 | 9 | MR. GILLESPIE:  Could you repeat that admonition, |
| 12:13:44 | 10 | Your Honor? |
| 12:13:45 | 11 | THE DEFENDANT:  *Momento*. |
| 12:13:55 | 12 | (Counsel and defendant confer.) |
| 12:14:29 | 13 | MR. GILLESPIE:  Could you repeat the question, Your |
| 12:14:31 | 14 | Honor? |
| 12:14:32 | 15 | THE COURT:  Yes. |
| 12:14:33 | 16 | Do you understand that by pleading guilty, there |
| 12:14:35 | 17 | are forfeiture consequences, and you'll be required to |
| 12:14:38 | 18 | forfeit the property identified in the superseding indictment |
| 12:14:42 | 19 | under the four criminal forfeiture allegations, and you may |
| 12:14:45 | 20 | be required to forfeit other property, as well? |
| 12:14:49 | 21 | THE DEFENDANT:  Yes. |
| 12:14:50 | 22 | THE COURT:  Mr. Smith, is there a restitution in |
| 12:14:54 | 23 | this case? |
| 12:14:55 | 24 | MR. SMITH:  Only to the IRS, Your Honor. |
| 12:15:01 | 25 | THE COURT:  Do you understand that I may order you |

| | | |
|---|---|---|
| 12:15:03 | 1 | to pay restitution of any victim of your offense?  In other |
| 12:15:06 | 2 | words, I may order you to pay money to a victim to compensate |
| 12:15:10 | 3 | them for the harm you caused.  And in this case, if there was |
| 12:15:13 | 4 | restitution, it would be to the Internal Revenue Service of |
| 12:15:17 | 5 | the United States Government. |
| 12:15:20 | 6 | THE DEFENDANT:  No. |
| 12:15:31 | 7 | (Counsel and defendant confer.) |
| 12:15:31 | 8 | MR. GILLESPIE:  I don't think he understand what |
| 12:15:33 | 9 | restitution means, Your Honor. |
| 12:15:34 | 10 | THE COURT:  Sure.  So let me explain, |
| 12:15:39 | 11 | Mr. Flete-Garcia.  Restitution is money that's sometimes |
| 12:15:42 | 12 | ordered by the Court to be paid by the defendant to a victim |
| 12:15:46 | 13 | of a crime.  For example -- let me give you an example |
| 12:15:51 | 14 | unrelated to your case: |
| 12:15:52 | 15 | Suppose a defendant steals a person's pocketbook or |
| 12:15:57 | 16 | wallet.  The victim is the person whose wallet or pocketbook |
| 12:16:02 | 17 | was stolen.  The Court might impose punishment, jail time on |
| 12:16:06 | 18 | the perpetrator, the defendant, if he's convicted or pleads |
| 12:16:09 | 19 | guilty.  The victim lost the $25 that was in his or her |
| 12:16:15 | 20 | wallet or pocketbook.  The Court might order the defendant to |
| 12:16:19 | 21 | pay restitution to the victim of $25, in other words, restore |
| 12:16:26 | 22 | the victim to the position that he or she was in before the |
| 12:16:30 | 23 | harm was caused, before the money was taken. |
| 12:16:32 | 24 | So here -- do you understand what I've just |
| 12:16:35 | 25 | explained? |

12:16:35  1          THE DEFENDANT:  Yes.

12:16:36  2          THE COURT:  So here what might happen is you might

12:16:38  3    be ordered to pay restitution to the Internal Revenue Service

12:16:43  4    in the amount of money that the Government says you obtained

12:16:50  5    by the crimes you committed from the IRS.

12:16:54  6          Do you understand that's something that might

12:16:57  7    happen?

12:18:56  8          (Counsel and defendant confer.)

12:18:56  9          MR. GILLESPIE:  Would you please repeat that?

12:18:58  10          THE COURT:  Yes.

12:18:59  11          So do you understand that something that might

12:19:01  12    happen at your sentencing, if you plead guilty, is that I

12:19:04  13    would order you to pay restitution to the Internal Revenue

12:19:10  14    Service of the United States Government?

12:19:13  15          THE DEFENDANT:  Yes.

12:19:14  16          THE COURT:  Do you understand that in addition to

12:19:16  17    everything else, you will be required to pay a $100 special

12:19:20  18    assessment on each of the 48 counts, for a total of $4,800?

12:19:28  19          THE DEFENDANT:  Yes.

12:19:29  20          THE COURT:  I want to talk to you about the United

12:19:31  21    States sentencing guidelines and how they might affect your

12:19:34  22    sentence.  These guidelines are not mandatory, that means I

12:19:37  23    do not have to follow them.  Nonetheless, they are important.

12:19:40  24          Have you and Mr. Gillespie, your lawyer, talked

12:19:42  25    about the sentencing guidelines and how they might apply in

| 12:19:46 | 1 | your case? |

12:19:52  2          (Counsel and defendant confer.)

12:20:04  3          THE DEFENDANT:  Yes.

12:20:04  4          THE COURT:  Do you understand that I will not be

12:20:06  5  able to determine the sentence the guidelines recommend for

12:20:10  6  you, until after the probation office has prepared a

12:20:13  7  presentence report?

12:20:14  8          THE DEFENDANT:  Yes.

12:20:15  9          THE COURT:  Do you understand that the presentence

12:20:16  10  report will contain information about you, your criminal

12:20:20  11  history, and the crimes you committed?

12:20:22  12          THE DEFENDANT:  Yes.

12:20:24  13          THE COURT:  Do you understand the report will also

12:20:26  14  contain a recommended application of the sentencing

12:20:29  15  guidelines?

12:20:31  16          THE DEFENDANT:  Yes.

12:20:32  17          THE COURT:  Do you understand that both you and the

12:20:34  18  Government will have the opportunity to read that report and

12:20:38  19  to challenge any facts reported in it and to challenge the

12:20:40  20  application of the sentencing guidelines as recommended by

12:20:43  21  the probation office?

12:20:47  22          THE DEFENDANT:  Yes.

12:20:47  23          THE COURT:  Do you understand that although I am

12:20:49  24  not required to follow the sentencing guidelines, I am

12:20:54  25  required to consider the applicable guideline sentence before

12:20:56  1    I impose sentence on you?

12:20:59  2             THE DEFENDANT:  Yes.

12:21:00  3             THE COURT:  Do you understand that under the

12:21:02  4    guideline system, I may have the authority to depart from the

12:21:05  5    guideline sentence and to give you a sentence that's either

12:21:08  6    higher or lower than what the guidelines call for?

12:21:11  7             THE DEFENDANT:  Yes.

12:21:12  8             THE COURT:  Do you understand that because I'm not

12:21:13  9    required to follow the sentencing guidelines at all, I will

12:21:16  10   have the legal authority to sentence you anywhere up to the

12:21:18  11   maximum sentence and at or above the mandatory minimum of two

12:21:26  12   years, as long as the sentence that I impose is reasonable

12:21:31  13   under the circumstances?

12:21:32  14            THE DEFENDANT:  Yes.

12:21:34  15            THE COURT:  Do you understand you will not be

12:21:35  16   permitted to withdraw your plea of guilty if your sentence is

12:21:38  17   longer than you excepted, if you're unhappy with your

12:21:41  18   sentence, or if it's different from any sentence that your

12:21:46  19   lawyer might have predicted?

12:21:47  20            THE DEFENDANT:  Yes.

12:21:48  21            THE COURT:  Do you understand that parole has been

12:21:50  22   abolished and that if you are sentenced to prison, you will

12:21:52  23   not be released early on parole?

12:21:54  24            THE DEFENDANT:  Yes.

12:21:55  25            THE COURT:  For purposes of these offenses, is the

12:22:00  1    only victim the IRS?

12:22:02  2            MR. SMITH:  The only --

12:22:04  3            THE COURT:  No, the aggravated identity theft.

12:22:07  4            MR. SMITH:  The financial loss is to the IRS.

12:22:11  5    Yeah.

12:22:11  6            THE COURT:  Do you understand, Mr. Flete-Garcia,

12:22:13  7    that any victim of your crimes has the right to participate

12:22:16  8    in the sentencing proceeding, either in writing or by person,

12:22:21  9    by expressing his or her views?

12:22:24  10           THE DEFENDANT:  Yes.

12:22:25  11           THE COURT:  Do you understand you have the right to

12:22:27  12   plead not guilty to the crimes charged against you and to

12:22:31  13   proceed with this trial to its conclusion?

12:22:35  14           THE DEFENDANT:  Yes.

12:22:35  15           THE COURT:  Do you understand that the guilty or

12:22:39  16   not guilty -- whether the Government has proven your case

12:22:44  17   beyond a reasonable doubt will be determined by the jurors?

12:22:46  18           THE DEFENDANT:  Right.

12:22:47  19           THE COURT:  That is that you have a right to a

12:22:49  20   trial by jury.  You understand that?

12:22:51  21           THE DEFENDANT:  Yes.

12:22:52  22           THE COURT:  Do you understand that at this trial,

12:22:53  23   you are presumed innocent, and the Government has to prove

12:22:56  24   your guilt beyond a reasonable doubt -- beyond a reasonable

12:23:01  25   doubt?

|         |    |                                                              |
|---------|----|--------------------------------------------------------------|
| 12:23:01 | 1 | THE DEFENDANT:  Yes. |
| 12:23:09 | 2 | THE COURT:  Do you understand that at the trial, |
| 12:23:12 | 3 | you'll have the right to the assistance of counsel throughout |
| 12:23:14 | 4 | the whole trial for your defense? |
| 12:23:16 | 5 | THE DEFENDANT:  Yes. |
| 12:23:17 | 6 | THE COURT:  And you understand that you have the |
| 12:23:18 | 7 | right to see and to hear all of the witnesses against you and |
| 12:23:21 | 8 | to have them cross-examined in your defense? |
| 12:23:24 | 9 | THE DEFENDANT:  Yes. |
| 12:23:25 | 10 | THE COURT:  Do you understand you have the right, |
| 12:23:26 | 11 | if you chose to exercise it, to testify and/or to put on |
| 12:23:29 | 12 | evidence in your defense? |
| 12:23:30 | 13 | THE DEFENDANT:  Yes. |
| 12:23:31 | 14 | THE COURT:  Do you understand you'd have the right |
| 12:23:33 | 15 | to invoke the Court's authority to compel witnesses to come |
| 12:23:36 | 16 | to court to testify in your defense? |
| 12:23:39 | 17 | THE DEFENDANT:  Yes. |
| 12:23:40 | 18 | THE COURT:  Do you understand you'd have the right |
| 12:23:41 | 19 | to refuse to testify and/or to refuse to put on evidence, |
| 12:23:45 | 20 | unless you voluntarily elected to do so? |
| 12:23:47 | 21 | THE DEFENDANT:  Yes. |
| 12:23:48 | 22 | THE COURT:  Do you understand, if you decided not |
| 12:23:49 | 23 | to testify or not to put on any evidence, these facts could |
| 12:23:53 | 24 | not be used against you? |
| 12:23:54 | 25 | THE DEFENDANT:  Yes. |

12:23:55  1          THE COURT:  Do you understand that by entering a

12:23:58  2    plea of guilty here today, if I accept your plea, that will

12:24:01  3    be the end of this trial?  We will not conclude the trial,

12:24:05  4    there will be no complete trial, there will never be another

12:24:08  5    trial, and you'll have waived or given up your right to a

12:24:11  6    trial.

12:24:11  7          THE DEFENDANT:  Yes.

12:24:12  8          THE COURT:  I think what I'm going to do --

12:24:27  9    ordinarily what I would ask you to summarize the elements of

12:24:29  10   the offenses, Mr. Smith.  But since I prepared the jury

12:24:31  11   instructions and since there's so many, I think I'm just

12:24:34  12   going to read the elements of each now.

12:24:36  13         So Mr. Flete-Garcia, in order for the Government to

12:24:41  14   convict you at this trial, if you did not plead guilty, I'm

12:24:44  15   going to tell you what they would have to prove, beyond a

12:24:47  16   reasonable doubt, for each of the charges against you.

12:24:50  17         For the Count 1 of conspiracy, they would have to

12:24:53  18   prove that the agreement specified in the indictment, to

12:24:56  19   steal, convert, or embezzle any money or property belonging

12:24:59  20   to the United States that is worth more than $1,000, and/or

12:25:03  21   to receive, conceal, or retain such money or property, with

12:25:07  22   the intent to convert it to your use or gain, knowing it to

12:25:11  23   have been stolen, embezzled, purloined or converted, and not

12:25:17  24   some other agreement or agreements, existed between at least

12:25:17  25   you and one other -- at least one other person; that you

willfully joined this agreement, and that at least one
conspirator committed an overt act during the period of the
conspiracy in an effort to further the purpose of that
conspiracy.

The elements of access device fraud, Counts 2 and
3, are, first, that you possessed 15 or more unauthorized
access devices, in this case Social Security numbers; second,
that you possessed these unauthorized access devices
knowingly, willfully, and with the intent to defraud; and
third, that your conduct affected interstate or foreign
commerce.

For each of Counts 4 to 20, the conversion, theft
of Government property, the Government would have to prove,
first, that the money or property described in the indictment
belonged to the United States and had a value of greater than
$1,000 at the time; second, that you knowingly and willfully
stole or converted the money or property to your own use or
that of another person; and third, you did so with the intent
to deprive the United States of use of the money for benefit
of the property or money.

For aggravated identity theft for each of Counts 21
through 37, the Government would have to prove, first, that
you committed the crime of conversion of Government property;
second, that during and relation -- that during any relation
to the conviction for conversion of Government property, for

12:26:46  1    each such convictions, you knowingly transferred, possessed,

12:26:50  2    or used a means of identification, the Social Security number

12:26:53  3    described in that count of the superseding indictment,

12:26:57  4    without lawful authority; that that Social Security number

12:27:00  5    belonged to another person, and that you knew the Social

12:27:03  6    Security number belonged to another person.

12:27:05  7            And finally for Counts 38 to 48, the elements the

12:27:09  8    Government would have to prove for each count would be,

12:27:12  9    first, that you entered into a financial transaction or

12:27:14 10    transactions, on or about the date alleged, with a financial

12:27:17 11    institution engaged in interstate commerce; second, that the

12:27:22 12    transaction involved the use of proceeds of unlawful

12:27:26 13    activities.  Here the proceeds are the conversion of

12:27:29 14    Government property alleged earlier in the superseding

12:27:29 15    indictment.  Third, that you knew these funds were the

12:27:31 16    proceeds of those crimes; and fourth, that you knew the

12:27:36 17    transaction or transactions were designed in whole or part to

12:27:39 18    conceal or disguise the nature, location, source, ownership,

12:27:42 19    or control of the proceeds of that specified unlawful

12:27:46 20    activity.

12:27:46 21            Each of these elements would have to be proved

12:27:49 22    beyond a reasonable doubt by the Government at this trial.

12:27:52 23            Do you understand that that's what the Government

12:27:54 24    would have to prove in order for the jury to convict you?

12:28:00 25            THE DEFENDANT:  Yes.

12:28:02  1          THE COURT:  All right.  Either Mr. -- what I

12:28:05  2  propose -- with respect to the factual basis, this is what I

12:28:07  3  propose you do:

12:28:12  4          If this case proceeded to the conclusion of the

12:28:15  5  trial -- the evidence that is the factual basis for this plea

12:28:19  6  is the evidence that you have heard in open court,

12:28:22  7  Mr. Flete-Garcia, that the Government has offered in this

12:28:27  8  case already, plus what either Mr. Smith or Mr. Green is now

12:28:31  9  going to summarize, which is that evidence that you haven't

12:28:35 10  yet offered, that would have come.

12:28:37 11          MR. SMITH:  That we haven't yet offered?

12:28:39 12          THE COURT:  Yeah.

12:28:40 13          MR. SMITH:  Yeah.  So specifically with regard to

12:28:50 14  the money laundering counts, that on or about February

12:28:58 15  through April of 2012, that United States Treasury refund

12:29:03 16  checks were deposited into bank accounts at Bank of America,

12:29:07 17  in the name of Dinero Express, and the defendant -- knowing

12:29:13 18  that those checks were derived from the unlawful activity,

12:29:17 19  being the filing of false tax return, resulting in the

12:29:20 20  issuance of a Treasury refund check; that the defendant

12:29:24 21  caused those refund checks to be deposited, and then caused a

12:29:28 22  third party, subsequently, to withdraw cash from that same

12:29:32 23  bank account, which was then tendered to the defendant, with

12:29:35 24  the intent to conceal the nature and source of those funds,

12:29:39 25  i.e., the underlying tax return.

12:29:50  1          And secondly, that a number of the checks, the

12:29:58  2   Treasury tax refund checks, pertaining to Counts 4 through

12:30:03  3   20, were deposited at an account -- I'm sorry, were deposited

12:30:07  4   into bank accounts, and those Treasury checks contained the

12:30:11  5   address of 53 Meridian Street -- I'm sorry, one moment.

12:30:17  6          I'm sorry, Count 1 -- with regard to Count 1,

12:30:22  7   conspiracy to convert, that a number of the checks deposited

12:30:25  8   into the bank accounts either in Dinero Express, Monument --

12:30:30  9   Monumental Services, or AD Professional, that those Treasury

12:30:32 10   checks, representing a conversion of Government property, had

12:30:36 11   addresses placed on them of 53 Meridian Street in Lawrence,

12:30:42 12   Massachusetts, and that the Government would prove that that

12:30:44 13   address was specifically under the control of the defendant,

12:30:48 14   Flete-Garcia.  And our proof of that would be that when he

12:30:51 15   was arrested in 2014, he possessed an ID in the name of

12:30:57 16   Israel Pagan Torres, and on that ID had the address of 53

12:31:02 17   Meridian Street; and that, in fact, the defendant opened up a

12:31:05 18   bank account using that address, which then ties that

12:31:08 19   defendant to that address at 53 Meridian Street.  And a

12:31:11 20   number of the Treasury checks that resulted from the filing

12:31:14 21   of false tax returns used that address, 53 Meridian Street.

12:31:24 22          And secondly, as to, also, Count 1, that another

12:31:29 23   address that was under the dominion and control of the

12:31:31 24   defendant, which a number of the allegedly false Treasury

12:31:34 25   checks were issued, were three PO Boxes at Andover, at the

12:31:41  1    Shawsheen postal station in Andover, Massachusetts.  And that

12:31:44  2    pursuant to surveillance at that post office box, that the

12:31:50  3    surveillance video would show that the individual accessing

12:31:54  4    those boxes, which correspond to a number of Treasury checks

12:31:58  5    that also have that address, it's the same address, and that

12:32:01  6    it was the defendant that was accessing those boxes and

12:32:04  7    withdrawing those Treasury checks.

12:32:05  8            THE COURT:  And is it also part of your description

12:32:07  9    of the facts, the allegations set forth in the superseding

12:32:11 10    indictment, and that either Mr. Flete-Garcia or his

12:32:13 11    co-conspirators committed those acts, and that those acts

12:32:17 12    constitute the crimes set forth alleged in the superseding

12:32:20 13    indictment?

12:32:20 14            MR. SMITH:  That's correct, Your Honor.  Yes.

12:32:22 15            MR. GREEN:  Your Honor, just one correction.  And

12:32:26 16    this is with regard to the 53 Meridian Street.  I believe

12:32:30 17    Mr. Smith said that we would present an identification card

12:32:33 18    with that address.  It was a little bit more attenuated than

12:32:37 19    that, we would present an ID with the name "Israel Pagan

12:32:41 20    Torres," and that ID, we would prove, was used to open a bank

12:32:47 21    account using the address 53 Meridian Street.

12:32:47 22            THE COURT:  I see.

12:32:48 23            MR. GILLESPIE:  Might I have a moment, Your Honor?

12:32:51 24            THE COURT:  Yes.

12:32:52 25            (Counsel and Defendant confer.)

12:34:31  1          MR. GILLESPIE:  Thank you, Your Honor.

12:34:32  2          THE COURT:  Fine.

12:34:34  3          Do you disagree with anything in the Government's

12:34:37  4  description of the facts?

12:34:46  5          THE DEFENDANT:  (No response.)

12:34:47  6          THE COURT:  Let me ask the question a different

12:34:49  7  way, Mr. Flete-Garcia.

12:34:51  8          Do you admit that you commit the crimes that are --

12:34:54  9  do you admit that you committed the crimes that are described

12:34:56 10  and alleged against you in the first superseding indictment?

12:35:06 11          THE DEFENDANT:  Yes.

12:35:07 12          THE COURT:  And do you admit that you -- you or

12:35:11 13  people with whom you are working, filed federal income tax

12:35:16 14  returns using other person's Social Security numbers?

12:35:20 15          THE DEFENDANT:  Yes.

12:35:31 16          THE COURT:  And do you admit that you received

12:35:34 17  United States Treasury checks, issued as refunds from United

12:35:38 18  States tax returns, that were made out in the names of

12:35:41 19  persons other than yourselves -- other than yourself, and

12:35:46 20  that you arranged -- you sold or cashed those checks and

12:35:52 21  received at least some of the proceeds?

12:35:59 22          THE DEFENDANT:  No more than ten.

12:36:01 23          THE COURT:  No more than ten what?

12:36:04 24          THE DEFENDANT:  Checks.

12:36:18 25          THE COURT:  Do you admit that you had a list of

12:36:24 1    names and -- two lists of names and Social Security numbers

12:36:29 2    that we've seen in evidence that are charged in Counts 2 and

12:36:33 3    3?

12:36:38 4               THE DEFENDANT:  No.  I don't know where they got

12:36:42 5    that from.

12:36:43 6               THE COURT:  You have to decide, Mr. Flete-Garcia;

12:36:46 7    you don't have to plead guilty, you're entitled to proceed

12:36:49 8    with this trial.  So if you're pleading guilty, you're

12:36:55 9    admitting each of the charges.  You're admitting the

12:36:58 10   conspiracy, you're admitting the possession of counterfeit --

12:37:03 11   the two lists of Social Security numbers.  You're admitting

12:37:07 12   to the checks that are alleged in the indictment and -- which

12:37:12 13   are Counts 4 to 20, which is more than ten checks.  And

12:37:16 14   you're admitting to the aggravated identity theft, which is

12:37:24 15   set forth in Counts 21 to 37; and then the money laundering,

12:37:32 16   which is 38 to 48, which is actually 11 checks.

12:37:38 17              So you don't have to plead guilty.  I'm happy to

12:37:41 18   bring the jury -- have you sit down, and bring the jury back

12:37:43 19   in.  I won't tell them anything about what we discussed, and

12:37:46 20   we can proceed with the trial.  That's fine with me.  But if

12:37:51 21   you're pleading guilty -- well, you can either

12:37:55 22   plead guilty -- you can plead guilty charge by charge.  So

12:37:59 23   you either plead guilty to all of the superseding indictment,

12:38:03 24   or you plead guilty to those charges which you wish to plead

12:38:07 25   guilty to and you admit that you committed, and for which I

12:38:09 1   decide there's a factual basis to believe that you committed

12:38:14 2   it.  So in other words, you admit that you committed those

12:38:16 3   crimes.

12:38:17 4           And if you plead to all of it, I'll send the jury

12:38:20 5   home.  If you plead to some of it, but not all of it, I'll

12:38:24 6   bring the jury in, and we'll proceed with trial with respect

12:38:26 7   to the charges that are -- remain.  And if you want to -- if

12:38:30 8   you don't want to plead guilty to any of it, you absolutely

12:38:33 9   do not have to.  And I'll happy to bring them right back in,

12:38:36 10  and we'll put the witness back on the stand, and we'll keep

12:38:40 11  going.  The decision is yours.

12:38:41 12          If you want to talk to Mr. Gillespie, do that.

12:38:48 13          THE DEFENDANT:  No, that's fine.  I'm pleading

12:38:55 14  guilty.

12:38:59 15          GALLERY MEMBER:  (Unidentified person speaking

12:39:04 16  Spanish.)

12:39:06 17          THE COURT:  So by pleading guilty, you are

12:39:11 18  admitting you committed all the factual -- all of the conduct

12:39:13 19  that's described in the first superseding indictment.

12:39:15 20          Do you admit that?

12:39:23 21          (Defendant and counsel confer.)

12:41:38 22          MR. GILLESPIE:  To continue your inquiry, Your

12:41:41 23  Honor?

12:41:41 24          THE COURT:  All right.  Mr. Flete-Garcia, do you

12:41:46 25  admit that you committed all of the conduct that's described

12:41:49  1    in the first superseding indictment?

12:41:52  2            THE DEFENDANT:  Yes.

12:41:53  3            THE COURT:  Do you challenge the -- or dispute the

12:41:58  4    facts that the Government has presented and has summarized

12:42:01  5    they would present at the trial?

12:42:04  6            THE DEFENDANT:  Yes.

12:42:05  7            THE COURT:  You do challenge or no?  Do you dispute

12:42:09  8    what the Government has presented at the trial, that --

12:42:14  9    showing that you have committed these crimes, and what they

12:42:17  10   say they're going to show in the remainder, if we proceed

12:42:20  11   with the trial?

12:42:23  12           THE DEFENDANT:  I accept it.

12:42:27  13           THE COURT:  All right.  Are you satisfied that

12:42:31  14   that's a sufficient factual basis, Mr. Smith and Mr. Green?

12:42:34  15           MR. SMITH:  Can we have one moment, Your Honor?

12:42:37  16           THE COURT:  Yes.

12:42:37  17           (Counsel confers.)

12:42:39  18           MR. SMITH:  All right.  We're satisfied, Your

12:42:42  19   Honor.

12:42:42  20           THE COURT:  All right.  Ms. Simeone, you can take

12:42:43  21   the plea.

12:42:45  22           THE DEPUTY CLERK:  Mr. Flete-Garcia, you're charged

12:42:46  23   in a 48-count indictment, to which you previously pled not

12:42:49  24   guilty.  Do you now wish to change your plea?

12:42:51  25           THE DEFENDANT:  Yes.

```
12:42:52   1              THE COURT:  As to Count 1 of the indictment,
12:42:54   2    charging you with conspiracy, in violation of Title 18,
12:42:57   3    United States Code, Section 371; Counts 2 through 3, charging
12:43:01   4    you with access device fraud, violation of Title 18, United
12:43:03   5    States Code, Section 1029; Counts 4 through 20, charging you
12:43:09   6    with theft of Government property, in violation of Title 18,
12:43:13   7    United States Code, Section 641; and Counts 21 through 37,
12:43:16   8    charging you with aggravated identity theft, in violation of
12:43:20   9    Title 18, United States Code, Section 1028A; Counts 38 to 48,
12:43:27  10    charging you with money laundering, in violation of Title 18,
12:43:30  11    United States Code, Section 1956(a)(1)(A)(i), how do you
12:43:36  12    plead, guilty or not guilty?
12:43:37  13              THE DEFENDANT:  Guilty.
12:43:38  14              THE COURT:  All right.  It is the finding of the
12:43:39  15    Court, in the case of the United States versus Flete-Garcia,
12:43:40  16    the defendant is fully competent and capable of entering an
12:43:44  17    informed plea, that he's aware of the nature and the charges
12:43:46  18    and the consequences of the plea, that the plea of guilty is
12:43:47  19    a knowing and --
12:43:48  20              You're pleading guilty because you're, in fact,
12:43:52  21    guilty, Mr. Flete-Garcia?
12:43:53  22              THE DEFENDANT:  Yes.
12:43:54  23              THE COURT:  And you're doing that freely and
12:43:56  24    voluntarily?
12:43:57  25              THE DEFENDANT:  Yes.
```

12:43:57  1          THE COURT:  That it's a -- the plea of guilty is a

12:44:00  2  knowing and voluntarily plea, supported by an independent

12:44:03  3  basis of fact, containing each of the essential elements of

12:44:07  4  the offenses charged.  The plea is, therefore, accepted, and

12:44:10  5  the defendant is now adjudged guilty of those charges -- all

12:44:13  6  charges as set forth in the first superseding indictment.

12:44:15  7          As I told you, a written presentence report will be

12:44:18  8  prepared by probation to assist me in determining your

12:44:21  9  sentence.  You will be asked to give information for this

12:44:24 10  report.  And as Mr. Gillespie knows, he can be present when

12:44:29 11  probation does that.

12:44:29 12          Did the probation office already prepare a report

12:44:32 13  with respect to the reentry case?

12:44:33 14          MR. GILLESPIE:  I think so, Your Honor.

12:44:34 15          THE COURT:  So they might just -- as to the

12:44:37 16  personal information, Mr. Flete-Garcia, they might just

12:44:39 17  update that.  But in any event, in this case, you'll get a

12:44:44 18  brand new written presentence report.

12:44:48 19          It's important that this report be accurate.  It

12:44:51 20  will not only affect what sentence you receive, but what

12:44:54 21  happens after you are sentenced.  For example, if you are

12:44:56 22  sent to prison, it will affect where you are sent and what

12:44:59 23  happens to you when you get there.  Even minor mistakes in

12:45:01 24  the report should be corrected.  You'll have a chance to read

12:45:04 25  the report, as will your lawyer, and to file objections to it

| | | |
|---|---|---|
| 12:45:07 | 1 | before the time of sentencing. |
| 12:45:09 | 2 | In addition, at your sentencing hearing, both you |
| 12:45:14 | 3 | and your lawyer will each personally have the opportunity to |
| 12:45:18 | 4 | speak on your behalf at that time. |
| 12:45:22 | 5 | Maria, what's the date for sentencing? |
| 12:45:24 | 6 | THE DEPUTY CLERK:  September 25th at 3:15.  It's a |
| 12:45:28 | 7 | Monday. |
| 12:45:29 | 8 | THE COURT:  Hold on.  No, not the 25th.  The |
| 12:45:36 | 9 | following week.  I'm sorry -- wait.  Hold on one second. |
| 12:45:42 | 10 | No, my mistake.  The 25th, that's all right.  What |
| 12:45:46 | 11 | time? |
| 12:45:46 | 12 | THE DEPUTY CLERK:  I have 3:15. |
| 12:45:48 | 13 | THE COURT:  How's that? |
| 12:45:48 | 14 | MR. SMITH:  That's fine for the Government. |
| 12:45:49 | 15 | THE COURT:  September 25th at 3:15? |
| 12:45:52 | 16 | MR. GILLESPIE:  Sure. |
| 12:45:52 | 17 | THE COURT:  All right.  Sentencing is |
| 12:45:54 | 18 | September 25th at 3:15. |
| 12:45:56 | 19 | All right.  Please be seated, Mr. Flete-Garcia. |
| 12:45:58 | 20 | So unless one of you disagrees, given that he pled |
| 12:46:01 | 21 | guilty to all charges, I'll bring the jury in, I'm going to |
| 12:46:04 | 22 | explain to them what happened; that at the break, |
| 12:46:07 | 23 | Mr. Gillespie informed me that his client wished to plead |
| 12:46:07 | 24 | guilty.  I've just taken the plea.  He's pled guilty, and |
| 12:46:09 | 25 | they're discharged.  That's the end of the trial, and I thank |

12:46:12  1    them for their patients.  I'm going to send them back, I'll

12:46:15  2    ask them to wait for me, because I like to thank the jurors

12:46:18  3    in every case, and I'll go back and thank them individually.

12:46:21  4            Does that make sense to both of you?

12:46:23  5            MR. SMITH:  That's fine with the Government, Your

12:46:24  6    Honor.

12:46:24  7            MR. GILLESPIE:  That's fine, Your Honor.

12:46:25  8            THE COURT:  Maria, go get the jury.

12:47:06  9            Mr. Gillespie, are you going to want Mr.

12:47:09 10    Flete-Garcia down in the room downstairs after this.

12:47:11 11            MR. GILLESPIE:  I'm sorry?

12:47:12 12            THE COURT:  Do you want to talk to him in the room

12:47:14 13    downstairs, or you don't need to do that?

12:47:17 14            MR. GILLESPIE:  Yeah, I would like to.

12:47:18 15            THE COURT:  So when you take him out, put him in a

12:47:22 16    room downstairs for Mr. Gillespie.  But we won't be having

12:47:25 17    the 2:45.  Or tomorrow.

12:47:41 18            (The jury enters the courtroom.)

12:48:09 19            THE COURT:  So ladies and gentlemen, let me give

12:48:11 20    you a fuller explanation of all that's been going on this

12:48:15 21    whole time that you've been sitting in the jury room, so you

12:48:17 22    understand.

12:48:17 23            In fact, when you first went out to the break, I

12:48:20 24    had a lengthy discussion with counsel about two matters:

12:48:23 25    One, it's just a scheduling of the witnesses and moving it

12:48:26  1    along.  And it has been actually going very nicely and

12:48:29  2    efficiently in the presentation of the evidence.  And I was

12:48:33  3    talking to them about just what was left in the case, and

12:48:36  4    also an evidentiary issue regarding an exhibit the Government

12:48:40  5    was going to offer with the witness who was on -- who was the

12:48:43  6    next -- would be the next witness.  And there was some legal

12:48:46  7    issues about that that were a little more complicated, and

12:48:50  8    that's what was taking awhile.

12:48:51  9         We finished that around 11:30 to 11:40, and we

12:48:55  10   needed a ten-minute break for ourselves to use the men's room

12:48:59  11   and the like.  But right at the end of that time,

12:49:02  12   Mr. Gillespie informed me that Mr. Flete-Garcia wished to

12:49:05  13   plead guilty to all the charges.  So I confirmed that just

12:49:10  14   briefly with Mr. Flete-Garcia, and I brought you back in and

12:49:13  15   I said I had a little more to talk about, which we did, and I

12:49:17  16   sent you back out.

12:49:18  17        And when somebody wants to plead guilty, it's not a

12:49:21  18   matter of simply saying, "Judge, I want to plead guilty, I

12:49:24  19   plead guilty, all done."  That would take 30 seconds.  But

12:49:28  20   there's more process to that.  Because in order for me to --

12:49:32  21   in order for anybody to plead guilty, the Court has to

12:49:35  22   determine that the person knows what they're doing, they're

12:49:38  23   doing it voluntarily, they're doing it of their own free

12:49:41  24   will.  You wouldn't want someone to plead guilty if they

12:49:45  25   had -- for example, I'm not suggesting this is the case with

12:49:48  1   Mr. Flete-Garcia, it's not.  But you could imagine someone

12:49:51  2   pleading guilty when they were high or when they were -- if

12:49:54  3   they had a mental health problem, if they were in the middle

12:49:58  4   of a psychiatric crisis, because they're not in a position to

12:50:01  5   make important decisions about their life.  So we ask

12:50:04  6   questions about that, we ask questions about if the person

12:50:08  7   understands what they're doing.  So that takes a little

12:50:11  8   while, and that's what we were doing.

12:50:11  9        But he's done that, he did plead guilty.  And I'm

12:50:14  10  satisfied that he knows what he's doing, and it was free and

12:50:17  11  voluntary, and that he is, in fact, guilty.  So I've accepted

12:50:20  12  the plea of guilty.  That means that your service as jurors

12:50:22  13  is now unnecessary any longer, and I now discharge you from

12:50:26  14  your jury service.  And your service is complete.

12:50:30  15       I have two more things to tell you that are very

12:50:32  16  brief.  One is, I know some of you are probably thrilled, and

12:50:37  17  you're done.  But I want you to understand that your --

12:50:40  18  you're willingness to serve, your service Monday, Tuesday,

12:50:44  19  Wednesday, and today, mattered.  It's important.  Every

12:50:50  20  person charged with a crime in the United States is entitled

12:50:52  21  to a trial by jury, if he or she wishes, period.  And we are

12:50:56  22  only able to fulfill -- give meaning to that guarantee in the

12:51:01  23  Constitution, if people like yourselves are willing to serve

12:51:03  24  and do serve.

12:51:04  25       And in some instances, as happened here, somebody

12:51:08  1    decides, in the course of a trial, that they wish to plead

12:51:11  2    guilty.  And that's what Mr. Flete-Garcia has done.  Your

12:51:14  3    service is equally important, as if this case had gone all

12:51:18  4    the way to its conclusion.  It's your willingness to serve in

12:51:22  5    this case that makes it available.  It may be that hearing

12:51:26  6    the evidence was something significant to Mr. Flete-Garcia.

12:51:29  7    That's what happens at a trial.  And obviously we haven't

12:51:31  8    heard all the evidence, but we've heard much of it.  So I

12:51:34  9    thank you for doing that.  I thank you for your service.  You

12:51:37 10    are done.

12:51:38 11            Before you leave the courtroom, I have one request

12:51:41 12    of you, which you're now charged, so you can ignore me if you

12:51:46 13    wish.  But I ask that you wait in the jury room, just for a

12:51:50 14    moment, because I like to come in and personally thank jurors

12:51:54 15    for their service.  And I'd like to do that with you, it will

12:51:56 16    only take me a minute after you walk out to come there, and

12:52:00 17    before you go on your way.

12:52:01 18            So all rise for the jury.  Thank you.

12:52:04 19            (The jury exits the courtroom.)

12:52:37 20            THE COURT:  Before we stand in recess, these three

12:52:39 21    binders, Mr. Smith and Mr. Green, are for you to do with as

12:52:44 22    you will.  I no longer need them.  And we have my favorite

12:52:48 23    local rule, which says the exhibits are the responsibility of

12:52:51 24    the lawyers.  So those are yours.

12:52:54 25            So that's it.  I thank you.  We're adjourned.  I'll

12:52:59  1    see you in September.  The only thing -- if something comes

12:53:02  2    up with the jurors, they have a suggestion -- I ask them not

12:53:06  3    about so much the merits of the case, but just if they have

12:53:10  4    suggestions for the lawyers, for the craft of lawyering, if

12:53:12  5    they do, you're welcome to wait around.  And if you don't --

12:53:15  6    I don't know if they will.  You're welcome to wait around.

12:53:20  7    And if not, I'll recall it and I'll tell you when I see you

12:53:22  8    in September.

12:53:23  9         I thought, actually, that Mr. Smith, Mr. Green, you

12:53:27  10   were being very efficient in the presentation of your case.

12:53:30  11   I've seen a case like this, obviously, before.  Mr. Cohen's

12:53:34  12   case.  And it's obviously a multifactor effect as to what

12:53:38  13   causes the duration of the trial, but I thought you were

12:53:43  14   streamlining it.

12:53:43  15        The only suggestion that I really had was that

12:53:43  16   question about the matching of the data and where it comes

12:53:44  17   from, I remember it being explained very clearly in the --

12:53:47  18   which I think you were going to do with the next witness.

12:53:49  19        MR. SMITH:  That was our next witness, Judge.

12:53:51  20        THE COURT:  Just sort of where it comes out, and

12:53:54  21   how, and what the matching is clearly.  But I thought you

12:53:58  22   did -- it was efficient, and you nicely did it.  So here's

12:54:01  23   one check, and there's others like this.  And I think the

12:54:04  24   jury likes that, because they get it.  They don't need to see

12:54:08  25   100 of them.

12:54:09   1              All right.  Thank you very much.  We're adjourned.

12:54:11   2              Defendant is remanded to the custody of the marshal

12:54:13   3       service.

12:54:15   4              THE DEPUTY CLERK:  All rise.  This matter is

12:54:16   5       adjourned.

           6              (Court in recess at 12:54 p.m.)

           7

           8

           9

          10

          11

          12

          13

          14

          15

          16

          17

          18

          19

          20

          21

          22

          23

          24

          25

**CERTIFICATE OF OFFICIAL REPORTER**

1
2
3
4          I, Rachel M. Lopez, Certified Realtime Reporter, in
5     and for the United States District Court for the District of
6     Massachusetts, do hereby certify that pursuant to Section
7     753, Title 28, United States Code, the foregoing pages
8     are a true and correct transcript of the stenographically
9     reported proceedings held in the above-entitled matter and
10     that the transcript page format is in conformance with the
11     regulations of the Judicial Conference of the United States.
12
13          Dated this 24th day of September, 2017.
14
15
16
17          /s/ RACHEL M. LOPEZ
18
19
20          Rachel M. Lopez, CRR
21          Official Court Reporter
22
23
24
25